JUDGE McMAHON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 7834

---------------------------------------------------------------X
HORACE CURRY,

                              Plaintiff,

   -against-

THE CITY OF NEW YORK, POLICE OFFICER
JANERT GIL (SHIELD NO.: 18305) AND JOHN DOES
1 – 4,

                             Defendants.
---------------------------------------------------------------X

CIVIL ACTION

*VERIFIED COMPLAINT*

JURY TRIAL DEMANDED

Index No.

RECEIVED SEP 26 2014 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, by his attorney, Jason L. Lopez, as and for his complaint hereby alleges as follows:

## Parties

1.     Plaintiff Horace Curry presently resides and is domiciled in the State of New York.

2.     Upon information and belief defendant the City of New York (hereinafter "City") is a municipal corporation domiciled in the State of New York.

3.     Upon information and belief, defendant New York City Police Officer Janert Gil resides and is domiciled in the State of New York.

4.     Upon information and belief, defendants John Does 1-4 reside and are domiciled in the State of New York.

## Jurisdiction - Venue

5.     This action is brought pursuant to 42 U.S.C. §1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the Constitution and

laws of the State of New York. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and §1343(a)(3)(4) and supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. §1367.

6. Venue on this action lies in the Southern District of New York pursuant to 28 U.S.C. §1391 as the events giving rise to this action occurred in the Southern District.

### General Allegations of Fact

7. Plaintiff Horace Curry presently resides in Bronx County.

8. At all times relevant hereto, the City maintained, controlled and operated the New York City Police Department which is empowered under the laws of the State and City of New York to prevent, respond to and investigate crimes.

9. At all times relevant hereto, Police Officer Janert Gil was employed by the New York City Police Department as a police officer. As such, Police Officer Janert Gil possessed the authority under the color of law to make arrests and investigate crimes committed in the City of New York.

10. At all times relevant hereto, JOHN DOES 1 - 4 were employed by the New York City Police Department as police officers. As such, Officer JOHN DOES 1 - 4 possessed the authority under the color of law to make arrests and investigate crimes committed in the City of New York.

11. On September 14, 2013 at approximately 9:00 p.m. plaintiff was lawfully inside of his vehicle in the vicinity of Freeman Street and Southern Boulevard, when he was removed from his vehicle by the defendant police officers and taken into custody by the defendant police officers for allegedly possessing a gravity knife in his front pants pocket.

12. Thereafter, plaintiff was transported to upon information and belief the 42nd Precinct and subsequently to Central Booking located at 265 E 161st St, Bronx, NY 10451.

13. Plaintiff was charged with Criminal Possession of a Weapon in the third degree Penal Law Section 265.02(1) and Criminal Possession of a weapon in the fourth degree Penal Law Section 265.01(1) and released from custody on his own recognizance, upon information and belief on September 16, 2013.

14. Ultimately the case was dismissed on October 31, 2013.

## FIRST CAUSE OF ACTION
VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. §1983

15. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 14.

16. At all times pertinent hereto the defendants acted under color of law in connection with their false arrest and imprisonment of plaintiff.

17. That on September 14, 2013 the defendants wrongfully seized, detained, searched, arrested and imprisoned plaintiff in violation of his constitutional rights including but not limited to violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution in violation of his rights secured by the Constitution and laws of the State of New York. That on September 14, 2013 Defendant City of New York had customs, policies and practices in place that allowed for the aforementioned actions and inactions.

## SECOND CAUSE OF ACTION
STATE CLAIMS OF GENERAL NEGLIGENCE

18. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 17.

19. The defendant City was negligent in hiring, training, supervising and retaining defendants Police Officer Gil and JOHN DOES 1 - 4.

### THIRD CAUSE OF ACTION
### FAILURE TO INTERVENE

20. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 19.

21. Members of the New York City Police Department have an affirmative duty to asses the constitutionality of interactions between their fellow members of the New York City Police Department and civilians and to intervene where they observe a member of the New York City Police Department engaging in an unjustified or excessive amount of force against a civilian or falsely arresting a civilian.

22. Defendant members of the New York City Police Department failed to intervene in the initial unjustified stop and false arrest of Plaintiff.

### FOURTH CAUSE OF ACTION
### INDIVIDUAL SUPERVISORY LIABILITY

23. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 22.

24. The John Doe Defendants that possessed supervisory responsibility knew or should have known that the named and unnamed defendants failed to intervene in the unjustified false arrest of Plaintiff and failed to take appropriate supervisory action.

### FIFTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 24.

26. Defendants, by their aforementioned acts, did intentionally, willfully and knowingly cause Plaintiff to suffer mental and emotional distress, pain and suffering, and damage to hi name and reputation.

## SIXTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

27. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 26.

28. Defendants, by their aforementioned acts, negligently caused Plaintiff to suffer mental and emotional distress, pain and suffering, and damage to hi name and reputation.

## GENERAL DAMAGE

29. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 28.

30. As a result of the actions and inactions of the defendants set forth herein, the plaintiff was caused to incur a violation of his civil and constitutional rights which in part resulted in plaintiff's depravation of freedom and liberty.

31. As a result of the actions of the defendants set forth herein, the plaintiff was caused to sustain shock, embarrassment, humiliation, and fear that prevents the plaintiff from engaging in and enjoying ordinary daily activities, nervousness, anxiety and stress. As such, the plaintiff seeks damages in the amount of seventy five thousand dollars ($150,000).

32. This action falls within one of the exceptions set forth in C.P.L.R. Article 16.

## PUNITIVE DAMAGES

33. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 32.

34. The defendants actions as set forth herein rise to a level of wanton, reckless, malicious and intentional disregard of the plaintiffs civil and constitutional rights and as such the plaintiff herein requests that this court impose punitive damages as a result of said actions.

## SPECIAL DAMAGES

35. Plaintiff repeats, re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 34.

36. Plaintiff seeks to recover reasonable attorneys fees and costs associated with the prosecution of this civil action pursuant to 42 U.S.C. § 1988.

37. In addition, plaintiff seeks to recover the legal fees associated with the defense of the underlying criminal action that gave rise to this action.

38. That at least thirty (30) days have elapsed since the demand or claim upon which this action is predicated was presented to the defendants for adjustment and they have neglected and/or refused to make adjustments or payment thereof. That this action is not commenced more than one (1) year and ninety (90) days after the cause of action accrued; that prior to the commencement of this action, a General Municipal Law 50-h hearing was held of the plaintiff by the defendant on February 20, 2014.

**WHEREFORE,** plaintiff demands judgment against the defendants for the amount in excess of the jurisdictional limits of the Court together with attorney's fees, interest, costs, and such other relief as the court may deem appropriate.

Dated: New York, NY
September 26, 2014

                      LAW OFFICE OF JASON LOPEZ
                      By: JASON L. LOPEZ

                      Attorneys for Plaintiff
                      325 Broadway, Suite 404
                      New York, NY 10007
                      (212) 964-4144

I, Horace Curry am the plaintiff in the annexed action and as such am fully aware of the facts and circumstances that give rise to my claims. I have read the foregoing Complaint and believe the contents thereof to be true to the best of my knowledge other than those of matters stated to be upon information and belief which I believe the same to be true.

*/s/ Horace Curry*
HORACE CURRY

Sworn before me this
26th day of September 2014

*/s/ Jason L. Lopez*
NOTARY PUBLIC

Jason L. Lopez
Notary Public, State of New York
No. 02LO6087319
Qualified in New York County
Commission Expires February 18, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HORACE CURRY,

                     Plaintiff,

     -against-

THE CITY OF NEW YORK, POLICE OFFICER
JANERT GIL (SHIELD NO.: 18305) AND JOHN DOES
1 – 4,

                     Defendants.
------------------------------------------------------------------X

CIVIL ACTION

*VERIFIED COMPLAINT*

JURY TRIAL DEMANDED

**Index No.**     **CV**

## SUMMONS & VERIFIED COMPLAINT

LAW OFFICE OF JASON LOPEZ
325 Broadway, Suite 404
New York, NY 10007
(212) 964-4144

The undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: September 26, 2014

                                                        Jason L. Lopez

Service of the within is hereby admitted
Dated:

                                                        _____
                                                        Attorney(s) for